IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LLOYD MURRAY,

    Petitioner,                                    No. CIV S-09-1784 GGH P

    vs.

MATTHEW CATE[1], Secretary

    of CDCR,

             Respondent.        ORDER

_____/

**I.**    **Introduction**

    Petitioner, a state prisoner housed in Arizona and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. This case is before the undersigned pursuant to the parties' consent. Doc. ## 3, 8.

\\\\\

\\\\\

---

[1] In the instant action, petitioner has named the People of the State of California as respondent. Respondent requests the submission of Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as the correct respondent in this matter. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. § 2254; Cal. Code Regs. tit. 15, § 3379(a)(9)(I) (2009) (providing that an inmate transferred to an out-of-state facility remains under the legal custody of the CDCR). Accordingly, the court now substitutes in the correct respondent.

1

## II. Background

Petitioner punched his victim in the face, causing the victim to fall to the ground and sustain a brain injury that sent him into a coma and ultimately killed him. Lodged Doc. 4 at pp. 3-4. In 2006, petitioner was convicted of both involuntary manslaughter based on a battery (Cal. Penal Code § 192(b)) and assault by means likely to produce great bodily injury (Cal. Penal Code § 245(a)(1)). The assault count carried a sentence enhancement for great bodily injury resulting in coma (Cal. Penal Code § 12022.7(b)). Petitioner was also convicted of dissuading a witness from arresting another for a crime (Cal. Penal Code § 136.1(b)(3)), a count not at issue here. Petition (hereinafter, Ptn.) at p. 2.

Petitioner has set forth the following claims: (1) that aggravated assault is a lesser included offense within the greater offense of involuntary manslaughter, so as to bar conviction of both offenses when they arise out of the same conduct; (2) an enhanced sentence for great bodily injury on the assault count is illegal when the victim dies of his injuries, because in those circumstances, assault is preempted by the more specific offense of involuntary manslaughter. Ptn. at pp. 3-4.

Petitioner briefed both claims to the California Court of Appeal, which affirmed the judgment on both grounds. In his subsequent petition for review to the California Supreme Court, petitioner briefed only claim (2), though he mentioned claim (1) in passing. His petition to the California Supreme Court cites only California cases and does not raise a federal claim. Similarly, the Court of Appeal's analysis of petitioner's claims was based solely on state law.

Respondent urges this court to deny habeas relief on claim (1) because the claim is not exhausted and, to the extent it concerns a question of state law, is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475 (1991) ("Federal habeas relief does not lie for errors of state law.") Respondent further argues that, even if claim (1) can be construed as presenting a federal question, it does not state a violation of federal double jeopardy under the applicable Supreme Court test. See Blockburger v. United States, 284 U.S.

1  299, 52 S.Ct. 180 (1932).

Respondent acknowledges that claim (2) is exhausted by virtue of the California Supreme Court's denial of the petition. However, respondent argues, because it only concerns state law and does not present a federal question, claim (2) should also be denied.

### III. Discussion

#### 1. Exhaustion of Claims

Respondent is correct that petitioner has raised two state law claims, one exhausted and one unexhausted. Moreover, having reviewed the petition to the California Supreme Court, the undersigned notes that petitioner based his claims solely on state law, and that none of his cited cases discussed the federal law of double jeopardy. See Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc) ("[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue."). Thus, this court concludes that petitioner has not exhausted any potential federal claim under the Fifth Amendment doctrine of double jeopardy.

Here, the unexhausted claim can be construed as giving rise to a federal double jeopardy question, as it alleges that petitioner was improperly convicted of two offenses based on the same act where the statutory elements of one offense (aggravated assault) were a subset of the statutory elements of the other offense (involuntary manslaughter predicated on battery). See Lodged Doc. 4 at p. 4 (lesser included offense doctrine prohibits two convictions if one offense necessarily includes all elements of the other). This is the same test applied under the federal doctrine of double jeopardy. See Blockburger, supra, 284 U.S. 299. However, in arguing this claim based solely on state law, petitioner clearly failed to exhaust its federal component.

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Middleton v.

3

Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied , 478 U.S. 1021, 106 S.Ct. 3336 (1986). A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court.  The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based.  Picard, 404 U.S. at 277-78.  Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts ... or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).

Similarly, the Ninth Circuit has held:

> "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); see also Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir.2005) ( "Pursuant to 28 U.S.C. § 2254(b)(1)(A), a federal court may not consider the merits of Rose's Fifth Amendment claim unless he has exhausted all available state court remedies."). "[E]xhaustion of state remedies requires that petitioners 'fairly present' federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (internal quotation marks omitted). We may not "consider any federal-law challenge to a state-court decision unless the federal claim 'was either addressed by or properly presented to the state court that rendered the decision we have been asked to review.' " Howell v. Mississippi, 543 U.S. 440, 443, 125 S.Ct. 856, 160 L.Ed.2d 873 (2005) (per curiam) (quoting Adams v. Robertson, 520 U.S. 83, 86, 117 S.Ct. 1028, 137 L.Ed.2d 203 (1997) (per curiam)).

Cook v. Schriro, 538 F.3d 1000, 1025 (9th Cir. 2008).

To have exhausted a federal claim, petitioner must have

> "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford,* 232 F.3d 666, 670 (2000) (emphasis in original), *as modified by* 247 F.3d 904 (9th Cir.2001). Consistent with the recognition that state and federal courts are jointly responsible for interpreting and safeguarding constitutional guarantees, we have held that citation to either a federal or state case involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion. *See id.; Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir.2003) (en banc) ("[F]or purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue."). In short, the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation.
>
> Mere "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial," do not establish exhaustion. *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999) (citation omitted). Nor is it enough to raise a state claim

> that is analogous or closely similar to a federal claim. For example, in *Johnson v. Zenon,* 88 F.3d 828 (9th Cir.1996), the petitioner argued in Oregon state court that the admission of prior act evidence " 'infringed on his right to present a defense and receive a fair trial,'" and therefore this evidentiary error was not harmless under Oregon law. Id. at 830-31. We held that the petitioner had not exhausted his Oregon remedies with respect to his federal claims: he had argued exclusively Oregon evidentiary law and never apprised the Oregon court that he was asserting a federal claim. *Id.* Similarly, in *Hiivala,* the petitioner failed to exhaust his Washington remedies when he argued to the Washington state court that the evidence was insufficient to support his conviction. 195 F.3d at 1106-07. Hiivala did not relate his claim to the Due Process Clause of the U.S. Constitution, cite the Fourteenth Amendment, or cite any federal or state cases involving the legal standard for a federal constitutional violation. *Id.*

Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). Here, as in as in Castillo, petitioner's "statement of the issue and its corresponding argument heading were entirely silent as to any federal . . . claim." Id. at 1000.

Respondent correctly notes that a federal court has the power to deny an unexhausted habeas claim on the merits. 28 U.S.C. § 2254(b)(2); Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671 (1987). However, on the facts presented, petitioner may have a colorable claim for a federal double jeopardy violation. Because he has not exhausted any such claim in state court, the undersigned should not adjudicate its merits in habeas proceedings at this time.

**2.      Option to Stay**

The undersigned chooses to adjudicate the exhaustion question prior to any resolution of Claim 2 on its merits. Petitioner may file a motion to stay this action pending exhaustion of the unexhausted claim (lesser included offense), specifically as it sounds in federal law.[2]

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S .C. § 2244(d).

only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Id. at 277-78, 125 S.Ct at 1535.  If petitioner wishes to stay this action, he shall file a motion addressing the Rhines factors, including a showing of good cause for failure to exhaust his federal claim.[3]

Accordingly, IT IS ORDERED that:

1.  The Clerk of Court is to substitute Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as respondent in the docket of this case.

2.  Petitioner shall be granted twenty-eight days to inform the court whether he seeks to (a) stay the petition pending state court exhaustion of the unexhausted claim as it sounds in federal law by filing a motion to stay pursuant to Rhines; or (b) proceed on the instant petition.

3.  If petitioner elects to proceed on the instant petition with the exhausted claim only, the unexhausted claim (Claim 1) will be stricken.

DATED: June 28, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:014
murr1784.hab

---

[3] Nothing precludes petitioner from acting immediately to seek to exhaust his federal claim while a Rhines motion to stay is pending.