IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LLOYD MURRAY,

        Petitioner,        No. CIV S-09-1784 GGH P

  vs.

MATTHEW CATE, Secretary of CDCR,

        Respondent.       ORDER

_____/

        Petitioner is a state prisoner proceeding pro se and seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed on June 28, 2010, petitioner was given leave to file a motion pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005) seeking to stay the petition pending state court exhaustion of his unexhausted claim as it sounded in federal law. Petitioner sought an extension of time which was granted, and filed his motion to stay on August 5, 2010.  Respondent, characterizing petitioner's motion for extension of time as a <u>Rhines</u> motion, filed an opposition to a <u>Rhines</u> stay on July 15, 2010 and a supplementary opposition on August 9, 2010.

        As previously noted, petitioner raises two grounds challenging his 2006 convictions of both involuntary manslaughter based on a battery (P.C. § 192(b)) and assault by means likely to produce great bodily injury (P.C. § 245(a)(1)).  First, he claims that aggravated

1

assault is a lesser included offense within the greater offense of involuntary manslaughter predicated on a battery, so as to bar conviction of both offenses when they arise out of the same conduct.  Second, he claims that an enhanced sentence for great bodily injury on the assault count is illegal when the victim dies of his injuries, because in those circumstances, assault is preempted by the more specific offense of involuntary manslaughter.

In its June 28, 2010 Order, this court concluded that the preemption claim was exhausted and that the lesser included offense claim, which gave rise to a federal double jeopardy question, was unexhausted.[1]  In order to stay this action pending exhaustion of the federal double jeopardy claim in state court, petitioner's burden under Rhines is to show that he had good cause for failing to exhaust the claim, that the claim is "potentially meritorious," and that he did not engage in "intentionally dilatory litigation tactics."  544 U.S. at 279.

The procedural background to petitioner's Rhines motion is as follows:  Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District.  The Court of Appeal affirmed the judgment on October 24, 2008.  (Lod. Doc. 4.)  Petitioner then sought review by the California Supreme Court, which denied his petition on January 21, 2009.  (Lod. Doc. 5.)  In both phases of his direct appeal, petitioner was represented by appellate counsel.  (Lod. Doc. 1, 5.)   On June 29, 2009, approximately five months after the Supreme Court denied his petition for review, petitioner filed the instant federal habeas petition.  (Doc. #1.)

In his Rhines motion, petitioner asserts that, on January 21, 2009, his appellate counsel informed him that the Supreme Court had denied his petition for review.  (Motion (hereinafter Mtn.), p. 3.)  At that time, he states, he was "instructed by said counsel to 'file a federal habeas petition in the Federal Eastern District Court raising the issues raised in your direct appeal.'  Thus, petitioner concluded both claims were exhausted and at the direction of his legal counsel, he filed his habeas petition pro se within the one year, 90 day deadline, seeking

---

[1] The court deferred ruling on respondent's contention that the preemption claim did not state a federal issue.  That deferral is not at issue here.

1  relief on the [two] grounds mentioned [on direct appeal] as petitioner was led to believe said
2  grounds were exhausted by virtue of his counsel." (Id.)

3  Rhines does not go into detail as to what constitutes good cause for failure to
4  exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less
5  stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62
6  (9th Cir. 2005).  Several district courts have concluded that the standard is more generous than
7  the showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408
8  F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand).  This
9  view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807 (2005) where the
10 Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of
11 his federal petition would generally constitute good cause for his failure to exhaust state remedies
12 before filing his federal petition.  544 U.S. at 416-17, 125 S.Ct. 1807.

13 Respondent argues that the fact that petitioner's appellate attorney advised him to
14 file a federal habeas petition at the conclusion of his direct appeal (which was briefed on state
15 law grounds only) and did not advise him to first exhaust any federal claims in state habeas
16 proceedings, does not constitute "good cause" under Rhines.  Respondent is correct that the
17 Ninth Circuit in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), found that petitioner's claim
18 that he was "under the impression" that his counsel had raised all the issues before the state court
19 of appeal did not constitute good cause for failure to exhaust (Opposition (Opp.), p. 4), and the
20 undersigned is bound to agree that generally good cause cannot be based on mere ignorance of
21 the law because such a finding "would render stay-and-abey orders routine" and thus, "would run
22 afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited
23 circumstances."  Wooten, 540 F.3d at 1024.  Respondent also argues that a petitioner pro se's
24 reliance upon the incompetence of jailhouse lawyers does not constitute cause, citing Tacho v.
25 Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988) and that the illiteracy of a petitioner and lack of
26 assistance has also been found to be insufficient, citing Hughes v. Idaho State Board of

1  Corrections, 800 F.2d 905, 909 (9th Cir. 1986).  (Id.)  Both of these cases, however, speak to a

2  failure to show cause in the context of the "cause and prejudice" standard applied with regard to

3  a procedural default, applicable in a narrow, "exceptional circumstances" context.  See, e.g.

4  Hughes, supra, at 909.  In this instance, there is as yet no procedural default ruling.

5          This court finds, in this instance and based on the circumstances described, that

6  petitioner has shown sufficient cause to meet the "good cause" standard under Rhines.

7  Moreover, this court finds that the petitioner's federal double jeopardy claim is not "plainly

8  meritless."  Rhines, supra, at 277-278, 125 S. Ct. at 1535; see Whalen v. United States, 445 U.S.

9  684, 693-694, 100 S.Ct. 1432 (1980) (convictions for both rape and killing victim in perpetration

10  of a rape violated double jeopardy); U.S. v. Hatchett, 245 F.3d 625, 637 (7th Cir. 2001) ("If one

11  offense, among many possibilities, serves in a particular case as the predicate for a greater

12  offense like felony murder, then the defendant cannot be prosecuted or punished twice for both

13  offenses, because the greater offense in that case necessarily requires proof of the lesser, and the

14  two are in that sense one crime.").  Nor does it appear that petitioner engaged in intentionally

15  dilatory litigation tactics.  Rhines, supra, at 277-278, 125 S. Ct. at 1535.

16          Accordingly, IT IS ORDERED that:

17          1. Petitioner's motion for a stay under Rhines, supra, filed on August 5, 2010 is

18  granted, pending exhaustion of the lesser included offense claim ; and

19          2. Petitioner is directed to inform this court and file a request to lift the stay within

20  twenty-eight days of a decision by the California Supreme Court concluding state court habeas

21  review.  Failure to timely inform the court will result in dismissal of the federal claim; and

22          3. The Clerk shall administratively close this case for purposes of case status

23  pending exhaustion.

24  DATED: September 13, 2010

        /s/ Gregory G. Hollows
25         UNITED STATES MAGISTRATE JUDGE

GGH:014
26  murr1784.stay

4